Per Curiam.
It seems to be at the least doubtful, that defendant could not maintain his defense on the trial although he should fail to prove the specific names of the materials which he is called upon to specify by the order granted below. It would promote the just investigation of the case not to call upon the defendant now and finally to specify “ what highly volatile, inflammable or dangerous materials were used by plaintiff and by their inflammable character took fire and what dangerous, volatile, inflammable or highly combustible material likely to ignite at a low temperature or to undergo chemical decomposition and to generate reaction whereby combustion might ensue, were carelessly kept and exposed in plaintiff’s room.”
The part of the order described should be. modified so as to require the defendant to furnish a verified bill of particulars, specifying the materials referred to, of in case he states in the bill that he is not able to specify them or any of them, to give a sufficient reason why he is not able to be more specific, and further to give the description of such material as fully as he is able to.
*96 The second requirement of the order should be omitted. It is “ Wherein said materials were negligently and carelessly used or •exposed by said plaintiff, so as to cause said fire.” This involves the defendant being confined in his evidence in a matter that is now as much within the knowledge of the plaintiff as of the defendant, and is not a case where it is necessary for the plaintiff to know what he will be called upon to meet He was bound to take ordinary care, as to the materials he had in his rooms. He knows what kind of care in fact, should have been taken of them. The defendant by his answer proposes to prove that he did not take the proper care.
The order modified, as has been indicated, should be affirmed, without costs.
Sedgwick, Ch. J., Tbit ax and Dugro, JJ., concur.